UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GWENDOLYN PIERRE, ET AL. | * | CIVIL ACTION NO. 17-1013 |
| --- | --- | --- |
| | * | |
| | * | SECTION: "N"(1) |
| VERSUS | * | |
| | * | JUDGE KURT D. ENGELHARDT |
| | * | |
| T&K EXPRESS, INC., ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

## ORDER AND REASONS

Before the Court is the Motion for Leave to File Second Amended Complaint filed by plaintiffs Anietra Pierre, Felicia Pierre, and Percy Ross ("Passenger Plaintiffs"). (Rec. Doc. 28). For the following reasons, the Motion is DENIED, without prejudice to the filing of a crossclaim.

### Background

This lawsuit arises out of a motor vehicle accident involving a commercial truck driven by defendant Melvin Ruch while allegedly in the course and scope of his employment with defendant T&K Express, Inc. ("T&K"). Plaintiffs Gwendolyn Pierre, Anietria Pierre, Felicia Pierre, and Percy Ross (collectively, the "Plaintiffs") allege that they were injured when the commercial truck collided with the 2010 Dodge Journey in which they were traveling. Gwendolyn Pierre ("Driver Plaintiff") was driving the Dodge Journey at the time of the accident, and the remaining plaintiffs were passengers in the vehicle. The Plaintiffs filed suit against Ruch, T&K, and Inspro Insurance Company ("Inspro") on December 12, 2016, in state court. It appears that all of the Plaintiffs are Louisiana residents. Mr. Ruch and T&K ("Defendants") removed the action to this Court on February 3, 2017, asserting that this Court has diversity jurisdiction over the matter. Defendants filed their answer on February 10, 2017, alleging, among other defenses, the defenses of

1

contributive negligence, comparative negligence, and victim fault. On June 1, 2017, the Plaintiffs filed their First Amended Complaint substituting insurer Employers Mutual Casualty Company ("EMC") as a defendant in place of Inspro. EMC has not been served.

Representation issues were apparently developing on the Plaintiffs' side. On May 19, 2017, Plaintiffs' attorney, Bradley Egenberg, moved for leave to withdraw without substitution of counsel because he had received letters from all four Plaintiffs terminating him and advising that the Irpino Law Firm would be representing them. When no one enrolled on their behalf, the District Judge denied Mr. Egenberg's motion on May 24, 2017, until such time as substitute counsel enrolled. On August 4, 2017, Mr. Egenberg was withdrawn as counsel for the Passenger Plaintiffs and attorney Robert B. Evans, III, was enrolled on their behalf. Mr. Egenberg remained as counsel of record on the Court's docket for Driver Plaintiff, Gwendolyn Pierre. On August 16, 2017, the Passenger Plaintiffs filed the present motion for leave to amend their complaint to assert a claim against the Driver Plaintiff. The next day, Mr. Egenberg filed a memorandum in opposition to the motion on behalf of the Driver Plaintiff in which he insists that there was no suggestion of comparative fault on the part of the Driver Plaintiff in the police report of the collision nor in his assessment of the Plaintiffs' testimony regarding the accident. He submits that the only purpose of the amendment is fraudulent joinder. He also insists that there was no conflict of interest in his representation of all the Plaintiffs at the time of filing suit, arguing that even if there was a possible claim against the Driver Plaintiff, it would not have been in the Plaintiffs' interest to sue the Driver Plaintiff because she is insolvent, she has an insurance policy with low policy limits of $15,000/$30,000, and the jury would have a bad impression of the Plaintiffs if their counsel blamed the Driver Plaintiff for the accident. Mr. Egenberg also argues that the Driver Plaintiff's (announced, but at the time of the memorandum, not yet enrolled) new counsel, Joshua Allison, is

"Of Counsel" at the same firm as Mr. Evans. Thus, Mr. Egenberg submits that Mr. Evans cannot truly believe there was a conflict of interest in Mr. Egenberg's representation of all of the Plaintiffs if he thinks it is acceptable for an attorney that is "Of Counsel" with his firm to represent the Driver Plaintiff. Mr. Egenberg adds that when Mr. Evans advised him that he would be taking over representation of the Plaintiffs, he indicated that he would represent the entire Pierre family. On August 25, 2017, Mr. Allison was substituted in place of Mr. Egenberg as counsel for the Driver Plaintiff.[1]

The Defendants also oppose the proposed amendment arguing that the appropriate mechanism for the Passenger Plaintiffs to protect themselves in case fault is apportioned to the Driver Plaintiff is by filing a crossclaim. They point out that Mr. Evans wrote an email to the District Judge's law clerk explaining that this is what he planned to do. Defendants argue that the Passenger Plaintiffs' only purpose in filing the Second Amended Complaint is to defeat diversity jurisdiction. They point out that the proposed Second Amended Complaint does not include any allegations against the Driver Plaintiff and even asserts that Passenger Plaintiffs do not believe she did anything wrong to cause the accident.

The Passenger Plaintiffs have filed a Reply Memorandum. They argue that the pleading filed by Mr. Egenberg on behalf of the Driver Plaintiff was unauthorized because he no longer represented her at the time of filing (although he remained counsel of record). Passenger Plaintiffs argue that Mr. Egenberg did create a conflict of interest. They argue that a crossclaim would not sufficiently protect them because "it does not guarantee Passenger Plaintiffs any recovery." They

---

[1] At oral argument, Mr. Allison requested that the pleading filed by Mr. Egenberg be stricken because he was not authorized to file it. Because the arguments raised in that pleading do not bear on the Court's ruling, the Court declines to do so.

3

do not provide further explanation of the basis for this assertion or why a complaint against the Driver Plaintiff would be preferable in this regard.

The Court notes that the issue of whether any conflicts of interest existed or exist in the representation of the Plaintiffs by their attorneys is not before the undersigned at this time.

**Law and Analysis**

*1. Legal Standard*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Because the Court's decision on a motion for leave to amend to add a non-diverse defendant will affect its jurisdiction over the matter, the Court must "scrutinize that amendment more closely than an ordinary amendment." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). "[I]n deciding whether to grant leave to amend, courts must balance the defendant's interest in retaining the federal forum with plaintiff's competing interest in avoiding parallel federal/state lawsuits." Williams v. Carmean, No. CIV. A. 99-1095, 1999 WL 717645, at *1 (E.D. La. Sept. 13, 1999). The Fifth Circuit has also instructed courts to consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Hensgens, 833 F.2d at 1182.

As the Defendants point out, courts in this district have held that where car accident plaintiffs seek to protect their interest in the event the driver plaintiff is found liable for comparative fault, "the proper mechanism for doing so in such cases is to allow plaintiffs to file a cross-claim against their co-plaintiff, under Federal Rule of Civil Procedure 13(g)." Williams, 1999 WL 717645, at *2 (striking plaintiffs' supplemental and amending complaint, which had added the plaintiff driver as a defendant, and granting plaintiffs leave to file a crossclaim against the plaintiff driver); Butler v. Rigsby, No. CIV. A. 96-2453, 1997 WL 655928, at *1–2 (E.D. La. Oct. 20, 1997) (granting passenger plaintiffs in a car accident case leave to assert a crossclaim against the driver plaintiff because the defendants had alleged contributive negligence, comparative negligence, and third party fault). If the passenger plaintiffs' claim against the driver plaintiff is asserted as a crossclaim, diversity jurisdiction will not be defeated but the passenger plaintiffs will be afforded "the same protection they seek in amending their complaint." Williams, 1999 WL 717645, at *2.

For example, in Harrison v. M.S. Carriers, Inc., plaintiffs injured in a car accident filed suit in state court against the defendants. No. CIV.A. 98-3177, 1999 WL 195539, at *1 (E.D. La. Apr. 7, 1999). Four months after the case was removed, the plaintiffs moved to amend their complaint and add their co-plaintiff, who had been driving the car in which they were driving, as a defendant. Id. The magistrate judge denied the passenger plaintiffs leave to amend and instead allowed them to file a crossclaim against the driver plaintiff. Id. On review, the district court agreed with the magistrate judge that the principal motivation in seeking to add the non-diverse co-plaintiff as a defendant was to defeat jurisdiction, that the delay was minimal and did not weigh in favor or against allowing the amending, and that the plaintiffs would not be injured by denial of the amendment because they could file a crossclaim. Id. at *2. Thus, the district court affirmed the

5

magistrate judge's decision denying the motion for leave to amend without prejudice to plaintiffs' assertion of a crossclaim against the driver co-plaintiff. Id.

*2. Proposed Amendment*

The Court agrees with the other cases from this district finding that at this juncture, the appropriate procedural vehicle for the Passenger Plaintiffs to protect their interests is by filing a crossclaim. The proposed amendment to join Driver Plaintiff as a defendant cannot be permitted. The Passenger Plaintiffs' sole motivation in filing their claim against the Driver Plaintiff by adding Driver Plaintiff as a defendant is to defeat diversity jurisdiction. At oral argument, counsel for the Passenger Plaintiffs agreed that the purpose of joining the Driver Plaintiff as a defendant is to have this case proceed in state court, where he submits this case should have remained. Further, Passenger Plaintiffs' proposed pleading indicates that they do not believe the Driver Plaintiff was at fault. Driver Plaintiff's approval of the Second Amended Complaint[2]—in other words, supporting a lawsuit against herself—underscores that the amendment is designed solely to defeat federal court jurisdiction. Supporting a suit against herself is inherently in conflict with Driver Plaintiff's best interests, further rendering suspect the motivation of all Plaintiffs in requesting/approving of the Second Amended Complaint. Because the proposed joinder is merely an attempt to defeat federal jurisdiction, this factor weighs against allowing the amendment.

Further, although Passenger Plaintiffs argue in their brief that they cannot proceed by filing a crossclaim because liability would not be "guaranteed," they offer no legal support for a finding

---

[2] In reply, the Passenger Plaintiffs represent that the Driver Plaintiff "is in favor of the Motion for Leave to File the Second Amended Complaint." (Rec. Doc. 41, at 2). Counsel for Passenger Plaintiffs made the same statement in an email to the District Judge's law clerk. (Rec. Doc. 36-2, at 1) ("Gwendolyn Pierre was explained the conflict and supports the motion for leave and the filing of the second amended complaint"). At oral argument, the Driver Plaintiff's counsel argued that the Driver Plaintiff's preference is to proceed in state court.

that their interests would be better protected by the filing of the proposed amended complaint. Of course a finding of liability is not guaranteed in either case. Plaintiffs have offered no reason why they would be injured (other than by losing the opportunity to proceed in state court) if the amendment is not allowed. This factor also weighs against allowing the amendment.

As to the Passenger Plaintiffs' delay, the Court notes that this lawsuit was filed approximately nine months ago. Their explanation appears to be that they were not advised by their original counsel that they could have filed a complaint against the Driver Plaintiff in their initial filing and thereby avoided federal jurisdiction. Some discovery has taken place. However, there is no scheduling order in place, so there does not appear to be significant prejudice to either party as a result of Passenger Plaintiffs' delay. This factor does not weigh in favor or against amendment.

Finally, the Court considers the Defendants' interest in a federal forum, which weighs against allowing the amendment.

## Conclusion

Because the factors to be considered in deciding whether to grant leave to amend are neutral or weigh against allowing the amendment, the Court finds that Motion for Leave to Amend must be DENIED, without prejudice to the Passenger Plaintiffs filing a crossclaim against the Driver Plaintiff.

New Orleans, Louisiana, this 15th day of September, 2017.

                                               */s/ Janis van Meerveld*
                                             Janis van Meerveld
                                     United States Magistrate Judge