UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GWENDOLYN PIERRE, ET AL. | * | |
| | * | CIVIL ACTION NO.17-1013 |
| | * | |
| VERSUS | * | SECTION: "S" (1) |
| | * | |
| T&K EXPRESS, INC., ET AL. | * | JUDGE MARY ANN VIAL LEMMON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

## ORDER

The Court, after considering the memoranda, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and finding that as of this date the parties have filed no objections to the Magistrate Judge's Report and Recommendation, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion. Accordingly,

**IT IS ORDERED** that Defendants' pending Motion for Order of Dismissal, for Order Compelling Plaintiffs to Execute Release, and Motion to Hold Plaintiffs in Contempt and for Attorney Fees (Rec. Doc. 102) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that

1. It is clarified that the Court's Order granting the Motion to Enforce Settlement (Rec. Doc. 91) did not result in dismissal of Plaintiffs' claims because the issue of dismissal was neither argued by the parties nor addressed by the Court and the settlement agreement that was enforced contemplated further actions by the parties to consummate settlement.

2. T&K Express, Inc., Melvin Ruch, and Employers Mutual Casualty Company, and any affiliated, subsidiary or related company, and their agents, representatives, officers,

employees, managers, members, servants, attorneys, insurers, assigns and successors (the "Released Parties") are hereby released and forever discharged from any and all claims, demands, suits, actions and causes of action by Plaintiffs, Gwendolyn Pierre, Felicia Pierre, and Percy Ross (each a "Plaintiff" and together the "GFP Plaintiffs"), at law, equity or otherwise, including but not limited to wrongful death and survival actions, and any and all liability whatsoever for all damages, injuries, losses or expenses, known or unknown, and more specifically, but not exclusively, all past, present and/or future bodily and personal injuries, physical pain and suffering, mental anguish, disabilities, disfigurement, psychological or emotional injuries, loss of wages, loss of income, loss of earning capacity, permanent disability, loss of services, loss of consortium, loss of society, medical expenses, property damage, rental loss, loss of use of property, costs, interests and other expenses, attorney's fees, or any loss or damage of any kind or nature whatsoever which has been or will be sustained by any Plaintiff and which arises in any way directly or indirectly from the August 30, 2016 motor vehicle accident which is the subject of this litigation.

3. The GFP Plaintiffs, Robert Evans, III, and Joshua Allison shall defend, indemnify, and hold harmless the Released Parties from and against any and all past, present, and/or future liens, disputes, claims, demands, suits, actions or causes of action, liabilities and judgments, whatsoever in any way related to, arising out of, or resulting from attorneys' fees and/or costs which may potentially be owed to Bradley Egenberg and/or his law firm for services provided in connection with plaintiffs' claims in this lawsuit.

4. The GFP Plaintiffs, and Robert Evans, III, shall defend, indemnify, and hold harmless the Released Parties from and against any and all past, present, and/or future liens,

disputes, claims, demands, suits, actions or causes of action, liabilities and judgments, whatsoever in any way related to, arising out of, or resulting from services rendered to the plaintiffs in connection with or in any way related to the August 30, 2016 motor vehicle accident which is the subject of this litigation.

5. The GFP Plaintiffs do not waive but specifically reserve all claims and rights to proceed against any individuals and entities, including parties and non-parties, other than the Released Parties.

6. Defendants shall within fourteen (14) days of this Order being entered into the record, deposit into the registry of the Court, three (3) separate checks in the amount of $85,000 each, for a total sum of $255,000, which constitutes the settlement proceeds owed by Defendants to Gwendolyn Pierre, Felicia Pierre, Percy Ross, respectively (the "Settlement Funds").

7. The Court declines to award sanctions.

**IT IS FURTHER ORDERED** that the claims asserted in this lawsuit by Gwendolyn Pierre, Felicia Pierre, Percy Ross, and Anietra Pierre against T&K Express, Inc., Melvin Ruch, and Employers Mutual Casualty Company, are hereby dismissed with prejudice. This Court retains jurisdiction for all purposes, including enforcing this Order.

New Orleans, Louisiana this __2nd__ day of November, 2018.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE