UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GWENDOLYN PIERRE, ET AL. | * | CIVIL ACTION NO. 17-1013 |
| | * | |
| | * | SECTION: "S"(1) |
| VERSUS | * | |
| | * | JUDGE MARY ANN VIAL LEMMON |
| | * | |
| T&K EXPRESS, INC., ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************** | * | |

REPORT AND RECOMMENDATION

Before the Court is the Motion to Enforce Priority Lien for Attorneys' Fees and Costs filed by intervenors Robert Evans, III, Evans Law, APLC, Joshua Allison, and Joshua D. Allison Law, APLC ("Evans and Allison"). (Rec. Doc. 142). The District Judge referred the motion to the undersigned for issuance of a report and recommendation.

Evans and Allison seek a court order recognizing a priority lien in certain settlement funds for each of their attorney's fees and costs incurred in representing the plaintiffs in the main demand.[1] They say that pursuant to La. Rev. Stat. § 9:4752, they are entitled to a lien in the settlement funds to be received by the plaintiffs. Under that statute, the attorney's privilege in any judgment or settlement funds recovered by an injured person has precedence over the privilege that health care providers have in those funds. La. Rev. Stat. § 9:4752. An attorney with a written contract affording him an interest in his client's claim has a first rank privilege "to the extent of his earned fee on any recovery obtained by settlement." Calk v. Highland Const. & Mfg., 376 So. 2d 495, 499 (La. 1979); see La. Rev. Stat. § 37:218(A). Evans and Allison say that Josh Koch,

---

[1] Evans and Allison, as well as another former attorney of the plaintiffs, Bradley Egenberg of the law firm Egenberg, APLC, have all filed Complaints in Intervention seeking attorneys' fees and costs from the plaintiffs. Plaintiffs Gwendolyn Pierre, Felicia Pierre, and Percy Ross have filed a counterclaim against Evans and Allison for legal malpractice.

1

attorney for plaintiffs Gwendolyn Pierre, Felicia Pierre, and Percy Ross ("GFP Plaintiffs") "has expressed his intent to disburse money for his clients prior to honoring the attorneys' liens."

GFP Plaintiffs oppose, insisting that their counsel "has stated and informed the Court and all counsel in writing that no settlement funds would be disbursed without the consent of all parties or by Order of the Court." They say that, at most, pursuant to the respective fee agreements with Evans and Allison, each is entitled to a maximum fee of 40%. Thus, they insist, to the extent Evans and Allison impede disbursement of the remaining 60%, the GFP Plaintiffs reserve their right to recover any additional damages they suffer as a result. They add that pursuant to the fee agreements, if the firm is discharged, it has a lien only in "quantum meruit" for its services.

The settlement funds to which Evans and Allison refer are owed by defendants T&K Express, Inc., Melvin Ruch, and Employers Mutual Casualty Company ("Defendants") pursuant to a settlement agreement that was enforced by this Court on March 19, 2018. Defendants stood ready to deliver the funds to the plaintiffs, but a dispute arose regarding the terms of the Release and Indemnity Agreement to be signed. For a detailed discussion of the background of that dispute, see the Report and Recommendation issued on October 9, 2018. (Rec. Doc. 150). That Report and Recommendation has now been adopted, and the court has ordered the Defendants to place the settlement funds in the registry of the court.

Evans and Allison have requested that this court enforce their lien on the settlement funds. The court finds that it is premature to enforce that lien. The quantum of attorneys' fees to which Evans and Allison have a claim remains in dispute. Given the multiple attorneys that were involved in representing the plaintiffs, the possibility that discharge of the plaintiffs' attorneys may result in entitlement to fees in quantum meruit, and the legal malpractice counterclaim asserted by the GFP Plaintiffs, the fee agreements alone are insufficient to establish what portion of the settlement

funds, if any, Evans and Allison have a claim in.  Moreover, now that the settlement funds will be deposited in the registry of the Court, Evans and Allision need not fear that the funds will be distributed without due consideration of their rights.

For the foregoing reasons, the undersigned recommends that the Motion to Enforce Priority Lien for Attorneys' Fees and Costs (Rec. Doc. 142) be DENIED as premature.

## NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 7th day of November, 2018.

_____
Janis van Meerveld
United States Magistrate Judge