UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GWENDOLYN PIERRE, ET AL | CIVIL ACTION |
| VERSUS | NO: 17-1013 |
| T&K EXPRESS, INC. | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Dismiss Pursuant to 12(b)(6)** filed by defendants-in-counterclaim, Robert Evans, III and Evans Law, APLC ("Evans") (Rec. Doc.154), in which defendants-in-counterclaim Joshua D. Allison and Joshua D. Allison Law, APLC ("Allison") join (Rec. Doc. 155), is **GRANTED IN PART**, and plaintiffs'/counterclaimants' claims for fraud and conspiracy are dismissed; plainitffs' claims for legal malpractice are not dismissed.

## BACKGROUND

This matter arises out of an automobile accident in which the three counterclaimants, Felicia Pierre, Gwendolyn Pierre, and Percy Ross, sustained personal injuries. While there have been numerous proceedings in this case not directly relevant to the present motion, a recitation of the following brief facts is sufficient for the motion now before the court. Defendants-in-counterclaim, Evans

and Allison, represented the counterclaimants in the personal injury suit, and ultimately obtained a settlement for them. Following the settlement, counterclaimants sought to rescind the settlement contending that they had not authorized it. They were not successful in opposing the original defendants' motion to enforce the settlement, and in a detailed Report and Recommendation entered on July 9, 2018, Magistrate Judge Janis Van Meerveld found the settlement enforceable. Rec. Doc. 80. The district court adopted the Report and Recommendation as its opinion, and granted the Motion to Enforce the Settlement on March 20, 2018. Rec. Doc. 91.

Counterclaimants filed a counterclaim on June 6, 2018, alleging that their prior attorneys, Evans and Allison (hereinafter, sometimes "the attorneys"), committed malpractice by representing them despite known conflicts of interest, settling their claims without their consent, and falsely representing to defense counsel that they had settlement authority. Answer and Counterclaim, ¶¶ 6 & 7. They further alleged that "[t] acts and omissions of Intervenors [Evans and Allison] in falsely representing their authority to settle Intervenors [sic] claims also constituted fraud," and that "[a]t all times material, Intervenors [Evans and Allison] conspired to undertake and complete the acts and omissions complained

2

of." Id. at ¶ 15.

The First Supplemental and Amending Counterclaim added one new fraud allegation: "The alleged settlements obtained by Intervenors [Evans and Allison] with the primary Defendants were obtained fraudulently, illegally, and unethically." First Supplemental and Amending Counterclaim, ¶ 7.

Evans and Alison filed the instant motion, seeking to dismiss the Counterclaim, relying on Federal Rules of Civil Procedure 12(b)(6), 8, and 9(b).

## APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, facts sufficient to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S. Ct. at 1949-50.

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that pleadings must contain a short and plain statement of the claim showing that the pleader is entitled to relief. To comply with Rule 8(a)(2) a plaintiff does not need to plead specific facts, but only "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007) (quoting Conley v. Gibson, 78 S. Ct. 99, 103 (1957)).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim." Flaherty & Crumrine Preferred Income Fund, Inc., 565 F.3d 200, 206 (5th Cir. 2009). "Rule 9(b) does not 'reflect a subscription to fact pleading' and requires only 'simple, concise, and direct' allegations of the 'circumstances constituting fraud,' which

4

after Twombly must make relief plausible, not merely conceivable, when taken as true." U.S. *ex rel* Grubbs v. Kanneganti, 565 F.3d 180, 186 (5th Cir. 2009). "The frequently stated, judicially-created standard for a sufficient fraud complaint . . . instructs a plaintiff to plead the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." Id. (internal quotation and citation omitted).

## DISCUSSION

At the outset, the court notes that the Counterclaim and Supplemental and Amending Counterclaim are not limited to claims for fraud and conspiracy, but also include a claim for legal malpractice which is not addressed in the instant motion to dismiss. Therefore, the legal malpractice claim remains intact.

However, with respect to the fraud and conspiracy claims, a review of the Counterclaim and Amending Counterclaim reveals that they do not satisfy the requirements of the above-cited Federal Rules. While the factual allegations of the complaint might support a malpractice action, they do not allege fraud with sufficient particularity, and the conspiracy claim does not meet the minimal pleading requirements of Federal Rule 8(a), much less survive the 12(b)(6)

challenge.

With respect to fraud, it appears that counterclaimants argue – though they do not actually allege it in their Counterclaim – that they were unwittingly induced by their former attorneys into signing settlement agreements which they did not authorize.[1] However, to state a fraud claim with the particularity required under Rule 9(b), counterclaimants must "plead the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." Grubbs, 565 F.3d at 186. This counterclaimants have not done. The sole reference in the Counterclaim to a false representation is the allegedly false representation made by the attorneys to original defense counsel, that they had the settlement authority. While such a misstatement (if it was in fact a misstatement) might equal malpractice, it is not fraud vis-a-vis the counterclaimants, because the misrepresentation was not made to them, and it did not induce them to take any specific action.

With respect to counterclaimant's suggestion in their opposition memorandum that a review of the entire record would enlarge the defendants' (and

---

[1] While there were factual disputes regarding who had initialed the Letter Agreement (and for whom) that issue was resolved in Magistrate Judge Van Meerveld's Report and Recommendation of January 9, 2018 (Rec. Doc. 18) and are not relevant here.

the court's) understanding of the counterclaim against them, under Rule 8, that should not be necessary. Moreover, the court notes that much of the record undermines counterclaimants' fraud claim. For instance, the record indicates that counterclaimants were requested to meet their attorneys for the very purpose of signing settlement documents, and that the agreements were subsequently found enforceable. While counterclaimants suggest in their opposition memorandum that they mistakenly thought they were signing a malpractice lawsuit against another former attorney (which is not alleged in the counterclaim), there are no specific allegations in the counterclaim about what misrepresentations were made, and by whom, to engender that confusion.

On the question of conspiracy, the allegations are even thinner. There is simply the conclusory statement that "[at] all times material, Intervenors [Evans and Allison] conspired to undertake and complete the acts and omissions complained of." This statement does not meet the very basic requirements of Rule 8(a) – while it alerts the defendants-in-counterclaim that they are alleged to have conspired, it provides no grounds upon which that allegation rests.

In sum, counterclaimants have failed to adequately plead either a fraud or conspiracy claim, and pursuant to Federal Rule 8(b), 9(a), and 12(b)(6), they are

hereby dismissed. Becaue the instant motion addressed only the fraud and conspiracy claims, the legal malpractice claims are not dismissed.

New Orleans, Louisiana, this 18th day of December, 2018.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE